*H. C. Strickland,* contra.

---

### 10867. CHILDS v. THE STATE.

The evidence failed to identify the pecans in the possession of the accused as pecans taken from the house alleged to have been broken into; and the verdict finding him guilty was unauthorized.

DECIDED DECEMBER 12, 1919.

Indictment for burglary; from Crisp superior court—Judge Gower. July 23, 1919.

*J. T. Hill, J. L. Wimberly,* for plaintiff in error.

*J. B. Wall, solicitor-general, Crum & Jones,* contra.

BLOODWORTH, J. 1. The indictment in this case charges that plaintiff in error "did unlawfully, fraudulently, and privately take" from a certain house, into which he had broken and entered, "four hundred pounds of pecan nuts of the personal goods of the Byrom Corporation." The evidence showed that the pecans "that were missed from that house were paper-shell pecans, Schleys;" that the Byrom Corporation had pecans stored at other places near the house alleged to have been burglarized, and that "there were some paper-shell trees in the cottonfield cultivated by this boy." Some days after the date of the alleged burglary the accused sold some paper-shell pecans to each of two witnesses, Howard and Statham. In his statement the defendant said in part, "Of course I hauled a few pecans over the river and sold them to Mr. Howard and Mr. Statham, but I didn't take none out of no house, and I haven't been in no house at all, nobody's house. I ain't been accused of no burglary at all before; they had a lot of pecans around the house and we would gather them, we would pick them up on the roadside, and on my farm I picked up a right smart of them. Mr. Mayo he told me to keep the pecan trees on my part of the farm cleaned around good and nice, and to keep the grass from around them, and I could use some of them, and well, I picked up some of them, a good deal of them, and my folks when they was working would pick up some of them, and we would get some there at twelve o'clock, pick them up around the house and in my cotton there, and I didn't have no intention of stealing, I wasn't stealing them at all, I thought I had a right to them when I hired under Mr. Mayo." There is no evidence to show that the pecans sold to Howard and Statham were "Schleys," and no evidence to show that they were the identical pecans that came from the house alleged to have been broken into. The evidence is insufficient to support the verdict.

2. As a new trial must be ordered under the forgoing ruling, it is unnecessary to consider the allegations of error other than those dealt with above.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*